RICHARD S. NEWCOMBE, ASSIGNEE OF ISAAC J. SELIGMAN, CHARLES M. MAY AND ISAAC N. STERN, FOR THE BENEFIT OF CREDITORS, RESPONDENT, *v.* IRVING NATIONAL BANK, APPELLANT.

*Right of a debtor, whose property has been levied on under several different executions, when various indemnitors have agreed to indemnify the sheriff, to maintain an action to have his rights determined — a temporary injunction restraining the creditors from enforcing the executions may be granted.*

Upon an appeal from an order granting an injunction, *pendente lite,* restraining the defendant, a judgment-creditor of the plaintiff's assignor, from enforcing its judgment by means of executions against certain property claimed by the plaintiff to be a part of the assigned estate, in an action brought by the plaintiff to have an assignment for the benefit of creditors declared valid.

*Held,* that, as it was alleged in the complaint that the property had been levied upon under different executions upon which there were various indemnitors of the sheriff, and as it was impossible to tell with any degree of certainty what part of the property was seized under each particular execution, and as a debtor under such circumstances, since the amendment of section 1419 of the Code of Civil Procedure, by chapter 98 of 1888, has no adequate remedy at law, it was necessary that this particular proceeding should be entertained by a court of equity, so that the plaintiff's rights might be fixed, having before the court all the parties who claimed an interest in the property by reason of the levies made by the sheriff.

APPEAL from an order of injunction, entered in the clerk's office of the city and county of New York on September 6, 1888, whereby the defendant, a judgment-creditor of the plaintiff's assignor, was enjoined from enforcing its judgment by means of executions upon certain property claimed by the plaintiff to be a portion of the assigned estate.

The complaint, which formed a part of the moving papers below, set forth that the plaintiff was the assignee of Seligman, May & Co.

for the benefit of creditors under a general assignment; that he had qualified by giving a bond. That prior to July twenty-seventh the plaintiff had sold a portion of such merchandise at a profit; that the defendant had recovered and entered certain judgments against the assignors, and had "indemnified the sheriff against the claim of the plaintiff;" that if said assigned estate was sold by the sheriff under executions the same will not, "as plaintiff is informed and believes," realize more than $125,000; and that if the same is sold "said plaintiff cannot recover adequate damages against the sheriff or his indemnitors if it is ultimately determined that he was entitled to hold said assigned estate;" that other judgment-creditors than the defendant have also indemnified the sheriff to about the amount of $140,000; "that, as said plaintiff is informed and believes, it is claimed by the defendant that by reason of some formal omission in said assignment the same is void, but that the plaintiff insists that the said assignment is a valid one; and that all the assigned estate is lawfully in his possession by virtue thereof;" the plaintiff then prays for a judgment that upon his depositing in this court a sum of money equal to the amount of the defendant's judgments, subject to a final determination as to whether or not said assignment is void, the said defendant may be enjoined and restrained from enforcing the executions in the complaint mentioned, and from selling or procuring to be sold the property therein mentioned; that a temporary injunction may be granted, and that by this action the assignment shall be declared to be valid, and it shall be adjudged that the plaintiff is entitled to hold the said assigned estate and apply the same to the purpose declared in the assignment.

*Stern & Myers,* for the appellant.

*Charles Donohue,* for the respondent.

VAN BRUNT, P. J.:

The order appealed from is certainly a novel one, but the circumstances under which it was applied for, are equally novel. The rule is well established that a court of equity will not interfere by injunction where an adequate remedy at law exists; and in cases of trespass by the sheriff prior to this new legislation (whereby one man is made responsible for the trespass of another), the person

against whom the trespass was committed had an ample remedy at law because he could maintain his action against the sheriff for such trespass and recover the damages which he had sustained. If such trespass had been directed by any other person, as by an indemnitor, he had the right also to join in such action such indemnitor. Under this condition of the law there was no uncertainty in regard to the remedy of the party injured. He had a complete and effectual one against the sheriff and his aiders and abettors. When the legislation took effect which authorized the court to substitute indemnitors in the place of the sheriff certain discretion existed in the court; and if the rights of the parties injured would be in anywise impaired by such substitution, the court had the right to refuse the same, and it has been held under this legislation that where there were a variety of indemnitors and the sheriff was proceeding under a variety of executions, this was a sufficient ground for the refusal of substitution, because it was impossible for the injured party to know as to what part of the trespass each indemnitor was liable; and as such indemnitor was not liable for the whole trespass, it made his remedy uncertain, and, as a consequence, the sheriff should not be relieved, but should remain liable for the whole trespass as he had been previous to this legislation. By the amendment of 1888 no discretion is vested in the court. If the judge finds, upon examination, that the indemnitors are responsible, he is bound to indorse his approval upon the undertaking, and thereupon the sheriff is released and discharged from all further liability by reason of the levy, detention and sale of the property seized. This legislation produced a state of things which is entirely new and has never existed before. The party whose property is seized under various executions, where the sheriff has been indemnified by various indemnitors, cannot present to the court the fact that he cannot know whom to proceed against for this levy as a reason why substitution should be refused, because the judge is bound to appove the undertaking, if the sureties are sufficient, and the sheriff, as matter of law, thereupon becomes discharged, and the person whose property has been seized under the execution must thereafter look to the indemnitors for satisfaction for the trespass committed by the sheriff. As has already been suggested, each indemnitor is not liable for the whole trespass unless all the goods were taken under the execution which

he has indemnified against, and the sheriff may make successive levies under the different executions, and the indemnitors under each execution are only liable for the levy made under that particular execution.

Under these circumstances, unless the owner of the property is present at the time of the levy, and is informed by the sheriff as to what he levies upon under each execution, and he takes pains to inform himself upon the subject, it is impossible for him to tell as to what property each indemnitor is liable; and then, when he comes to try his action at law, it depends upon his testimony, where, perhaps, he is contradicted by the person making the levy under the execution, and he is thereby thrown into a sea of uncertainty as to whom he is to look for satisfaction. An action brought under such circumstances, against divers individuals, would certainly be a very inadequate remedy; and it is because of the fact that, by his action for damages, the owner of the property seized under these circumstances cannot secure adequate and certain relief that the aid of a court of equity is asked.

As has already been stated, it is an unusual application, and the circumstances under which it is made are equally novel. The debtor, under circumstances such as these, has no adequate remedy at law, and it is necessary that this particular proceeding should be entertained by a court of equity, because of the change in the relations between the owners of property and the persons who trespass upon them, wrought by this legislation.

We are of opinion, therefore, that the plaintiff was entitled, in view of the fact that his property had been levied upon under different executions, upon which there were various indemnitors, and in view of the fact that it was impossible to tell, with any degree of certainty, what part of the property was seized under each particular execution, to the order granted, whereby the plaintiff's rights might be fixed, having before the court all the parties who claimed an interest in the property by reason of the levies made by the sheriff.

The order should, accordingly, be affirmed, with ten dollars costs and disbursements.

DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.